FILED
5th JUDICIAL DISTRICT COURT
Eddy County
9/11/2020 5:44 PM
KAREN CHRISTESSON
CLERK OF THE COURT
Emilee Gonzalez

STATE OF NEW MEXICO
COUNTY OF EDDY
FIFTH JUDICIAL DISTRICT COURT

ALBERT BUSTILLOS,

        Plaintiff,

v.                                                                        No.   D-503-CV-2020-00631
                                                               Case assigned to Riley, Lisa B.

THE CITY OF ARTESIA, and
OFFICER DAVID BAILEY,

        Defendants.

## COMPLAINT FOR THE VIOLATIONS OF CIVIL RIGHTS

To uphold the values that our founding fathers laid out in the United States Constitution, each citizen must have the right to speak freely, obtain information from a free press, and peaceably assemble to hold the government accountable. As a country founded by the people and for the people, it is in each of our best interests to champion these rights for every citizen of a free United States of America.

COMES NOW Plaintiff Albert Bustillos, through his attorneys, Kennedy Kennedy & Ives, PC, and brings this complaint under 42 U.S.C. Section 1983 and alleges the following causes of action against the Defendants:

## JURISDICTION, VENUE, AND PARTIES

1.    Jurisdiction and venue are proper in Eddy County in the State of New Mexico.

2.    All acts complained of occurred in the City of Artesia in Eddy County in the State of New Mexico.

3.    Plaintiff Albert Bustillos (Bustillos) is a resident of the City of Carlsbad in Eddy County in the State of New Mexico.

# EXHIBIT A

4. Bustillos is an independent journalist who goes by the pen-name "Stray Dog the Exposer," and has nearly ten thousand followers on his YouTube channel.

5. Defendant City of Artesia is a municipality in the State of New Mexico.

6. Defendant David Bailey (Bailey) is a law enforcement officer for the City of Artesia.

7. At all times relevant to this complaint, Bailey was acting under color of state law and within the scope of his duties as a law enforcement officer.

## FACTUAL ALLEGATIONS

8. On or about September 11, 2018, Bustillos was at Navajo Refinery (Navajo).

9. Navajo is located in the City of Artesia.

10. Benito Martinez (Martinez), a security guard at Navajo spoke with Bustillos when Bustillos first arrived at Navajo.

11. Bustillos explained to Martinez that he was only filming and taking pictures.

12. Bustillos repeated he would not go onto Navajo property, even demonstrating his knowledge of Navajo's property line.

13. Bustillos explained his actions and plans to Martinez, who did not try to prevent Bustillos from proceeding.

14. At all times relevant to this Complaint, Bustillos was filming and/or taking pictures.

15. At all times relevant to this Complaint, Bustillos was on public property and never entered onto Navajo property.

16. Navajo's buildings and equipment stand high above the small fence at its base.

17. Bustillos only filmed portions of Navajo that he could view unimpeded from the public road.

18. Navajo rules and policies dictate no filming or photographing the facility.

19. Navajo rules and policies only apply to persons while they are on Navajo property.

20. There is no municipal, state, or federal law dictating that filming or photographing the publicly visible portions of Navajo is not allowed.

21. In fact, the law is well established that an individual has no reasonable expectation of privacy in private property when it is open to public view.

22. Martinez called the police and reported his encounter with Bustillos.

23. Bailey was dispatched to Navajo based on the report from Martinez.

24. Bailey was advised that there was a male subject walking outside the fence at Navajo and filming the facility.

25. When Bailey arrived at Navajo, Officer Marcie Sanchez (Sanchez), who also responded to Martinez's report, was already speaking with Bustillos.

26. At all times relevant to this complaint, Sanchez was in her full patrol uniform, driving a marked patrol vehicle, and displaying her badge of office.

27. At all times relevant to this complaint, Bailey was in his full patrol uniform, driving a marked patrol vehicle, and displaying his badge of office.

28. Sanchez asked Bustillos for identification.

29. Bustillos declined to give Sanchez identification.

30. Bailey asked Bustillos for identification.

31. Bustillos refused to give Bailey identification.

32. In *Brown v. Texas*, 443 U.S. 47 (1979), the Supreme Court held that officers must have reasonable suspicion of criminal activity to demand identification of a pedestrian.

33. Bustillos was never accused or suspected of committing any crime during his interaction with either Sanchez or Bailey prior to being asked for identification.

34. At all times relevant to this Complaint, Bailey did not have reasonable suspicion that Bustillos participated in any criminal activity.

35. Nor did Bustillos pose any danger to Bailey, Sanchez, or anyone else.

36. Bailey has admitted that Bustillos was not on Navajo property during their encounter.

37. Bustillos, who could not have been reasonably suspected of committing any crime, could not have been lawfully detained by the officers and had an absolute right to refuse to identify himself.

38. Bailey arrested Bustillos on a charge of concealing identity.

39. Bailey placed Bustillos in double-locked handcuffs and brought him to the patrol unit.

40. Bailey gathered information about why the police were dispatched to Navajo only after Bustillos was arrested.

41. Bailey did not have probable cause to arrest Bustillos for concealing identity or any other crime.

42. As a result of Bailey's actions, Bustillos was arrested, charged with a crime, and forced to hire attorneys and defend himself until his charges were dismissed.

43. All preceding paragraphs are incorporated by reference to the counts below.

**COUNT 1:**
**Violation of Fourth Amendment Rights**

44. Plaintiff hereby incorporates above as if restated fully herein.

45. A warrantless arrest violates the Fourth Amendment unless probable cause exists to believe a crime has been or is being committed.

46. The Fourth Amendment does not permit an officer to arrest someone for concealing identity without reasonable suspicion of some predicate, underlying crime.

4

47. For reasonable suspicion, an officer must have a particularized, objective basis for suspecting that criminal activity is afoot.

48. Bailey arrested Bustillos for concealing identity without a warrant.

49. There was no particularized, objective basis for suspecting that Bustillos was involved in any predicate, underlying crime.

50. Bustillos never set foot on Navajo property and Bailey had no information to the contrary.

51. Bustillos did not commit a crime by filming the Navajo facility while remaining on public property.

52. It is not a crime to question law enforcement officers or to refuse to produce identification in response to an unlawful order to do so.

53. Bustillos did not engage in any physical act of resistance prior to his arrest.

54. Bailey, therefore, lacked reasonable suspicion to detain Bustillos and to demand his identification.

55. Bailey lacked probable cause to arrest Bustillos for concealing identity or any other crime.

56. Following the arrest, Bailey continued Bustillos's prosecution until the original action terminated in favor of Bustillos.

57. There was not probable cause, or even arguable probable cause, to support the original arrest or continued prosecution.

58. Bailey acted with malice by prosecuting Bustillos for concealing identity without arguable probable cause that Bustillos committed that, or any other, criminal offense.

59. Bustillos suffered damages as a result of the false arrest and malicious prosecution.

## COUNT 2:
### Violation of First Amendment Rights

60. Plaintiff hereby incorporates above as if restated fully herein.

5

61.     The First Amendment of the United States Constitution protects the rights of all persons to freely express themselves.

62.     This includes the right to speak and not to speak, the freedom of the press, and the right to peaceably assemble.

63.     As part of the First Amendment, it is well established that the government may not limit the stock of information from which members of the public may draw.

64.     The First Amendment protects the right of the people to receive information and ideas, which includes the right to photograph and record from public spaces and to photograph and record police activity.

65.     Bustillos freely expressed himself by filming the Navajo facility, which is visible from the public forum and to the public eye.

66.     Bustillos lawfully filmed Navajo and lawfully filmed the police.

67.     Bustillos peaceably assembled on public property and operated his video recorder with the purpose of gathering information as a journalist to publish for his subscribers.

68.     Bustillos exercised his right of free speech by questioning the officers about the basis for his unlawful detention and arrest, and by refusing to identify himself.

69.     Bailey retaliated against Bustillos for exercising his First Amendment rights.

70.     Bailey had no basis to demand Bustillos' identity under pain of arrest.

71.     Bailey had no basis to detain or arrest Bustillos for the act of filming from public property.

72.     Bustillos's First Amendment rights were violated when Bailey arrested him and prosecuted him for concealing his identity.

73.     As a result, Bustillos suffered damages.

## COUNT 3:
## Violation of the New Mexico Tort Claims Act

74. For the same reasons stated above, Bailey committed the torts of false arrest and malicious prosecution and deprived Bustillos of his rights, privileges or immunities secured by the constitution and laws of the United States and New Mexico.

75. Bailey's conduct resulted in personal injury and damages to Bustillos.

76. The City of Artesia is vicariously liable for Bailey's conduct, which occurred in the scope of duty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief:

I. Award damages in an amount sufficient to compensate Bustillos for Defendants' conduct;

II. Interest and costs for bringing this action, including attorneys' fees; and

III. Any other relief the Court deems just and proper.

Respectfully submitted,

KENNEDY KENNEDY & IVES, PC

*/s/ Joseph P. Kennedy*
Joseph P. Kennedy
Adam C. Flores
*Attorney for Plaintiff*
1000 2nd St. NW
Albuquerque, NM  87102
(505) 244.1400 / fax (505) 244.1406
jpk@civilrightslaw.com
acf@civilrightslaw.com